## Commonwealth v. Hazy

*J. Stroud Weber*, for Commonwealth.

*Augustus F. Schermerhorn*, for defendant.

KNIGHT, P. J., February 25, 1949.—Defendant has waived a hearing before the justice of the peace and has appealed to this court.

He now moves to quash the transcript because there is no specification in the information and transcript of the speed defendant was traveling when he collided with another motor vehicle.

The information charges defendant with violating subsection A of section 1002 of The Vehicle Code of May 1, 1929, P. L. 905, in that he was "proceeding east on Lancaster Avenue, Wynnewood, at a speed which was too fast for conditions, making it impossible for him to stop before striking a truck and trailer which was parked at the curb in the east bound lane of traffic."

Subsection A provides:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than or less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway, and of any other restrictions or conditions then and there existing; and no person shall drive any vehicle upon a highway at such a speed as to

endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead."

From the facts set forth in the information it is quite easy to believe that defendant was traveling at a speed too fast for conditions, and which would not permit him to bring his vehicle to a stop within the assured clear distance ahead.

Subparagraphs B and C of section 1002 specify the maximum speeds at which motor vehicles may be driven under certain conditions varying from 10 m. p. h. to 70 m. p. h. Subsection D provides how the speed of a vehicle may be timed and ascertained.

Subsection E provides:

"In every information charging violation of this section, reference shall be made to this section, and subsection alleged to have been violated, specifying the speed at which the defendant is alleged to have driven."

It is the contention of defendant that the above information is fatally defective because it does not specify the speed at which defendant was driving his car.

We have recently held that where an information charges that a defendant was driving a motor vehicle at a speed in excess of the limits set by subsections B and C, the prosecution must be brought under those subsections and not under subsection A, but where the speed of a motor vehicle does not exceed the legal limits but is too fast for conditions, the prosecution should be brought under subsection A: Commonwealth v. Frisco, 67 D. & C. 51.

In such cases it would be almost impossible to fix, with any degree of accuracy, the speed of a motor vehicle except by the general statement, "too fast for conditions". There may be a thick fog, and a driver

proceeding at a slow speed and yet too fast to stop within the assured clear distance ahead, collides with another vehicle. The mere fact that such an accident happened would be enough to draw an inference that the driver was proceeding at a speed too fast for conditions. On icy streets; in thick traffic, and in other situations a driver may be proceeding too fast for conditions, and yet it would be impossible to fix the rate of speed, and how, under such circumstances, could the speed be ascertained by the methods prescribed in subsection D of section 1002?

We do not think the legislature ever intended such a result. We are of the opinion that subsection E, so far as it requires the information to specify the speed at which defendant is alleged to have driven, does not apply to subsection A.

In Commonwealth v. Weber, 33 D. & C. 488 (1938), President Judge Atlee of Lancaster County reached the same conclusion.

And now, February 25, 1949, the motion is overruled.